Shauck, J.
The.record before us presents no question respecting the mode of inquiry by which the judge of the common pleas court ascertained the *408 facts upon which he concluded that the answers of the witness to the questions propounded to her would not tend to incriminate her, nor respecting the sufficiency of the facts upon which he based that conclusion. Nor was any such subject of inquiry presented to the circuit court. If the witness desired the judgment of a reviewing court, either with respect to the sufficiency of the facts upon which the trial judge founded his conclusion, or as to the propriety of the mode to which he resorted to ascertáin such facts, it would have been competent for her to take a bill of exceptions presenting the grounds of her complaint as the predicate of a petition in error for the reversal of the order of commitment. By thus directly attacking the order, the error could have been shown, if any had intervened. But by resorting to a suit in habeas corpus, she has elected to meet the presumption, which the present record does not exclude, that the trial court .regularly and properly exercised whatever authority it had in the premises; and she has assumed the burden of showing that the order of commitment is void, because the court was without authority to make it in view of her claim that her answers to the questions propounded would incriminate her. This distinction results obviously from the essential differences between a proceeding in error and a suit in habeas corpus. .It was pointed out in Ex parte McKnight, 48 Ohio St., 588.
We do not suppose that this distinction has been overlooked, either by the circuit court or by counsel for the defendant in error. It is said that the circuit court was of the opinion that the witness should be discharged from custody because the order of commitment was void, the trial judge being without *409 authority to make it. That conclusion results, according to the argument, from the view that the order shows that the witness refused to answer upon the ground that her answers would incriminate her, and that her answer was conclusive with respect to their incriminating character. The view that the answer of the witness should be accepted as conclusive in all cases, is not supported by any reason presented for our consideration, nor can it be reconciled with the generally accepted doctrine upon the subject. It is said, however, that it is not only justified, but required by the decision of this court in Warner v. Lucas, 10 Ohio, 336. That case was decided and reported before the court adopted the rule of preparing an authorized syllabus. Two editions of the tenth volume present different syllabi of the case cited, and both are unsuccessful attempts of the reporter to state the points decided. This will sufficiently appear from a brief analysis of the case. It was a civil action to recover damages alleged to have been sustained by the plaintiff in consequence of the refusal of the defendant to testify, when called as a witness in a former action. It was brought under favor of a statute which provided that there should be such liability for wilfully refusing to testify. It does not appear to have been thought by either counsel, or the court, that the defendant was liable under the statute for exercising a legal privilege or insisting upon a guaranteed immunity. The precise question presented and determined is plainly suggested by the error assigned. Upon the trial in the court of' common pleas of the action for damages, the plaintiff proposed to show what were the questions which the defendant, as a witness, on the former trial had *410 refused to answer, because, as he claimed, the answers would tend to incriminate him, and further to show that his answers thereto could not have the effect which he claimed. To this evidence an objection was interposed by the defendant and sustained by the court. Whether the court of common pleas had erred in sustaining this objection to the testimony, thus giving final effect to the claim of the witness instead of presenting that question for determination upon the trial of the action for damages, was the only question presented to this court. The court concluded that the evidence was competent, and because of the error of the trial court in sustaining the objection to its introduction, the judgment was reversed. As this court decided only that in that case the claim of the witness was not conclusive with respect to the incriminating character of the evidence sought to be elicited, it cannot be said to have decided that the claim of the witness will be conclusive in any case in which it appears to be ill founded, or made in bad faith for the purpose of defeating the administration of justice in the case in which the witness is called.
Should the claim of the witness be conclusive in a case of that character? The answer to that question seems to be suggested by the aphorism that the law regards substance rather than form. Throughout the seven centuries of Magna Charta, prolific source of the provisions of the charters of individual right which we call constitutions, there has been in England and here a persistent departure from the practice of extorting confessions from accused persons; not because of any desire that the guilty should escape punishment, but because the practice is believed to deny to innocence its proper *411 protection. The principle finds expression in our Bill of Rights in the provision that, “No person shall be compelled, in any criminal case, to be a witness against himself.” To this principle we logically refer the immunity of a witness from giving testimony in any case which would tend to incriminate himself, as well as the rule that in order that a confession by an accused person may be competent evidence against him, it must be voluntary. The significance of this is, that a citizen shall not, by coercion or intimidation, be led to render aid in his own conviction of an illegal offense. Every view of the principle and of the rules of evidence founded upon it must effectuate that purpose. But it would be a departure from the principle, and a perversion of the rules stated, to hold that the witness may use the immunity to prevent the discovery of the truth in the case in which he is called, or to shield himself from mere embarrassment or humiliation. The end of the rule is protection of the witness from giving testimony which would tend to convict him of a criminal offense. Certainly the modes of inquiry to which the trial judge may resort to ascertain that the claim of the witness is not well founded must not invade his immunity. He must not extort from the witness a statement which would be a plenary confession of guilt, or the statement of a circumstance which in connection with other circumstances would establish his guilt. But if, in any mode consistent with the immunity, he may acquire the basis of a clear conviction that the claim of the witness is ill founded, he may require him to answer. The judgment under review, and the main proposition of counsel for the defendant in error, necessarily *412 imply'that the trial judge could not, by any permissible inquiry, have become possessed of facts which would justify his conclusion that her answers would not incriminate her. To show that position to be untenable, it is only necessary to suggest that without eliciting any information whatever from her, the trial judge may have learned that her offense had been pardoned; or, by consulting the records of the court in which he sat, that she had been indicted for the offense, and the indictment prosecuted to acquittal or conviction.
The view that the answer of the witness is not conclusive with respect to the incriminating character of the evidence sought to be elicited, is in accordance with the view taken by Chief Justice Marshall in Burr’s case, which, as will appear from the reporter’s abstract of the excellent brief of counsel for plaintiff in error, has been widely commented upon with approval. It was approved in Warner v. Lucas.
Upon reconsideration of the present case, for the reasons stated, the judgment of the circuit court will be reversed.

Judgment reversed.

Crew, C. J., Summers, Spear, Davis and Price, JJ., concur.